ORIGINAL


FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
MAY 27 2014
JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>**WILLIAMS, SCOTT & ASSOCIATES, LLC**, a Georgia limited liability company,<br><br>**WSA, LLC**, also d/b/a **Warrant Services Association**, a Nevada limited liability company, and<br><br>**JOHN WILLIAMS**, individually and as officer of Williams, Scott & Associates, LLC, and as manager of WSA, LLC,<br><br>Defendants. | Civil Case No.<br>**1:14-CV-1599**<br><br>**FILED UNDER SEAL** |

## PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER WITH AN ASSET FREEZE, APPOINTMENT OF RECEIVER, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 65.1, Plaintiff Federal Trade Commission ("FTC"), hereby applies to this

Court *ex parte* for a temporary restraining order ("TRO") with an asset freeze and other equitable relief. In support of its motion, the FTC states as follows:

1. The FTC brings this action to halt a debt collection scheme run by Defendants, Williams, Scott & Associates, LLC; WSA, LLC d/b/a Warrant Services Association; and John Williams. Defendants are coercing consumers nationwide to pay millions of dollars by falsely threatening them with arrest, criminal and civil prosecution, and suspension of their driver's licenses, unless consumers immediately pay Defendants money for debts that consumers do not actually owe or for debts that Defendants have no legal right to collect. Defendants use deception, abuse, and harassment to carry out their scheme, through which they have collected gross deposits in an amount approaching $4 million.

2. These acts and practices violate Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and multiple provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

3. The FTC therefore seeks an *ex parte* TRO:

   a. Temporarily restraining Defendants from engaging in deceptive and abusive practices in connection with the collection or attempted

collection of purported debts and from violating Section 5(a) of the FTC Act and the FDCPA;

  b. Temporarily freezing Defendants' assets;

  c. Appointing a Receiver over the corporate Defendants;

  d. Restraining and enjoining Defendants and certain third parties from destroying or concealing documents, and from transferring, concealing, or otherwise disposing of assets;

  e. Requiring Defendants to identify all assets, repatriate assets located outside the United States, and make an accounting of their present financial condition and certain business information;

  f. Granting the FTC immediate access to Defendants' business premises;

  g. Providing other equitable relief; and

  h. Requiring Defendants to show cause why this Court should not issue a preliminary injunction extending such temporary relief pending an adjudication on the merits.

4. The FTC has not provided notice of this motion to Defendants. As discussed in the accompanying memorandum and exhibits thereto, as well as the Certification and Declaration of FTC Counsel Robin L. Rock pursuant to Rule

65(b)(1) of the Federal Rules of Civil Procedure, the interests of justice require that this motion be heard without notice, pursuant to Fed. R. Civ. P. 65(b)(1) and Local Rule 7.5B.

5. Advance notice of this action to Defendants would likely lead to dissipation or concealment of assets and destruction of documents, causing immediate and irreparable damage thereby impeding the FTC's efforts to seek meaningful relief for Defendants' law violations.

6. Issuing the TRO with an asset freeze and other requested relief without notice will preserve this Court's ability to award full and effective relief by preserving the status quo pending a hearing on the requested preliminary injunction.

7. The FTC submits a proposed *Ex Parte* TRO.

WHEREFORE, the FTC respectfully requests that this Court grant this motion by entering the proposed TRO without notice to Defendants.

Dated: May 27, 2014                      Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

_____
ROBIN L. ROCK
Ga. Bar No. 629532

4

MARCELA C. MATEO
Ga. Bar No. 397722
Federal Trade Commission
Southeast Region
225 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30303
Telephone:  404-656-1368 (Rock)
            404-656-1361 (Mateo)
Facsimile:  404-656-1379
Email:  rrock@ftc.gov; mmateo@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## Certification of Compliance with Local Rules 5.1.C and 7.1.D

As required by Local Rule 7.1.D, counsel certifies that this brief has been prepared in the font and point selections, Times New Roman (14 point) in compliance with Local Rule 5.1.C.

/s/ Robin L. Rock
ROBIN L. ROCK
Ga. Bar No. 629532
Federal Trade Commission
Southeast Region
225 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30303
Telephone:  404-656-1368 (Rock)
Facsimile:   404-656-1379
Email:  rrock@ftc.gov
Attorney for Plaintiff
FEDERAL TRADE COMMISSION